IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Cindy L. Adams, Administratrix of The
Estate of Micah Stewart, Deceased : Civil Action
    Plaintiff
    v. : No. 17-cv-2152
Michelle M. Henry, Joyce Jose, R.N.
Mauricia S. Jenkins, Kenneth Shatoff,
Russell E. Tucholski, Anthony Duckett,
Jims Idicula, R.N., Mark Knapp, Kevin Bloom,
Joshua Witman, Steven Varian,
Jeroma Strickland, Philip Washington
and Patrick Fina, Defendants
. ,
    Defendants

## AMENDED COMPLAINT (corrccted)
### PARTIES

1. Plaintiff is Cindy L. Adams, Administratrix of the Estate of Micah Stewart, is an adult citizen and resident of Pennsylvania whose address is 829 Blunston Street, Columbia, Lancaster County, PA 17512.

2. Defendant Michelle M. Henry, CRNP is an adult citizen and resident of Pennsylvania who works at SCI Graterford, P.O. Box 246, Route 29, Graterford, Montgomery County, PA 19426.

3. Defendant Joyce Jose, R.N. is an adult citizen and resident of Pennsylvania who works at SCI Graterford, P.O. Box 246, Route 29, Graterford, Montgomery County, PA 19426.

4. Defendant Mauricia S. Jenkins, R.N. is an adult citizen and resident of Pennsylvania who works at SCI Graterford, P.O. Box 246, Route 29, Graterford, Montgomery County, PA 19426.

5. Defendant Kenneth Shatoff, L.P.N. is an adult citizen and resident of Pennsylvania who works at SCI Graterford, P.O. Box 246, Route 29, Graterford, Montgomery County, PA 19426.

6. Defendant Russell E. Tucholski, R.N. is an adult citizen and resident of Pennsylvania who works at SCI Graterford, P.O. Box 246, Route 29, Graterford, Montgomery County, PA 19426.

7. Anthony Duckett is an adult citizen and resident of Pennsylvania who worked at SCI Graterford, whose last known address is 6118 Carpenter Street, and/or 5238 Beaumont Street, Phila., PA 19143.

8. Jims Idicula, R.N. is an adult citizen and resident of Pennsylvania who works at SCI Graterford, P.O. Box 246, Route 29, Graterford, Montgomery County, PA 19426.

9. Mark Knapp is an adult citizen and resident of Pennsylvania who works at SCI GratP.O. Box 246, Route 29, Graterford, Montgomery County, PA 19426.

10. Kevin Bloom is an adult citizen and resident of Pennsylvania who works at SCI Graterford, P.O. Box 246, Route 29, Graterford, Montgomery County, PA 19426.

11. Joshua Witman is an adult citizen and resident of Pennsylvania who works at SCI Graterford, P.O. Box 246, Route 29, Graterford, Montgomery County, PA 19426.

12. Steven Varian is an adult citizen and resident of Pennsylvania who works at SCI Graterford, P.O. Box 246, Route 29, Graterford, Montgomery County, PA 19426.

13. Jerome Strickland is an adult citizen and resident of Pennsylvania who works at SCI Graterford, P.O. Box 246, Route 29, Graterford, Montgomery County, PA 19426.

14. Phillip Washington is an adult citizen and resident of Pennsylvania who works at SCI Graterford, P.O. Box 246, Route 29, Graterford, Montgomery County, PA 19426.

15. Patrick Fina is an adult citizen and resident of Pennsylvania who works at SCI Graterford, P.O. Box 246, Route 29, Graterford, Montgomery County, PA 19426.

## JURISDICTION AND VENUE

16. Jurisdiction is proper under 28 U.S.C. § 1331(a) as the amount in controversy is in excess of $150,000 and the matter arises under the constitution of the United States for violations of the 8th Amendment.

17. Venue is proper in the Eastern District as Plaintiff died, the care that gives rise to the claim occurred, records of the deceased, witnesses, and physical and documentary evidence are situated in, Defendants reside in and events giving rise to this claim occurred within, the Eastern District .

## FACTS

18. At all times relevant to this matter Defendants were employees of the Commonweath of Pennsylvania  SCI Graterford, P.O. Box 246, Route 29,

Graterford, Montgomery County, PA 19426, or of a company hired by SCI Graterford, state actors acting within the course and scope of their employment, who worked with and had specific nursing, medical, surveillance, security, transport, heath and/or related duties as to the care of Micah Stewart when he was incarcerated there.

19. Micah Stewart who was born August 24, 1985, was an inmate at Graterford State Prison, inmate No. GY8387, SCI Graterford, P.O. Box 246. Route 29, Graterford, Montgomery County, PA 19426 until his death March 9, 2016.

20. The records at 5 a.m. on that date states "inmate found during rounds to have taken his own life utilizing a bed sheet tied to the cell door and around his neck."

21. On March 8, 2016 record, at 10:45 a.m., the physician's order form, states "Michelle Henry to Joyce Jose P.O.C. Admission r/t suicidal ideation P.O.C. precaution smock and blanket." The note was signed by Michelle Henry CRNP on March 8, 2016 at 1:30 p.m.

22. The March 8, 2016 record states:10:45 a.m. Psychiatric Observation Infirmal Orders state: Watch—Close   Comments-15 minute checks Psych blanket-Yes    Anti-suicide smock-yes.   These were signed by M. Jose and Michelle M. Henry

23. The March 8, 2016 Progress Notes states: 10:45 a.m. deepening r/t suicidal ideation Michelle Henry   admitted to POC with standard precautions signed by M. Jose  1:30 p.m. psychiatry pt declining to get

4

into smock described his mood as stressed continue Q15 minute checks for his safety Michelle M. Henry. The "smock" was an anti-suicide smock.

24. The March 8, 2016 Psychiatric Observation Form states: 10:30 a.m. Suicide Smock and Blanket refused until he sees    Altered Coping Mechanisms Suicidal Precautions Maintained   M. Jenkins R.N. noon agitated Suicide Smock and Blanket still refusing smock and blanket Mechanisms Suicidal Precautions Maintained M. Jenkins R.N.;

25. The March 8, 2016 form states:2 p.m.agitated Suicide Smock and Blanket  (with no indication whether these are intact, worn or in use as none of these options are circled) Altered Coping  Mechanisms Suicidal Precautions Maintained M. Jenkins R.N

26. The March 8, 2016 form states: 4 p.m. Suicide Smock and Blanket worn K. Shatoff, L.P.N  (no indication Suicidal Precautions maintained).

27. The March 8, 2016 form states: 6.p.m. Behaviour uncooperative "I'm on hunger strike" Suicide Smock and Blanket worn K. Shatoff, L.P.N. (There is no indication that Suicidal Precautions were maintained)

28. The March 8, 2016 form states: 8.p.m. Suicide Smock and Blanket worn K. Shatoff, L.P.N. (No indication Suicidal Precautions maintained.)

29. The March 8, 2016 form states: 10.p.m. Suicide Smock and Blanket worn K. Shatoff, L.P.N. (No indication Suicidal Precautions maintained)

30. The March 9, 2016 Psychiatric Observation Form states: midnight Agitated Banging on Cell Door Altered Coping Mechanisms Suicide

Smock and Blanket intact R. Tucholski, RN. (There is no indication that Suicidal Precautions were maintained.)

31. The March 9, 2016 Psychiatric Observation Form states: 2 a.m. "I need to make a phone call" Awake Immature Agitated Manipulative Suicide Smock and Blanket Intact Banging on Cell Door , Demanding Phone Call   Agitated Banging on Cell Door Altered Coping Mechanisms R. Tucholski, RN. (No indication Suicidal Precautions were maintained.)

32. The March 9, 2016 Psychiatric Observation Form states: 4 a.m. Deceased R. Tucholski, RN.

33. The March 9, 2016 Psychiatric Observation Form 6 a.m. Deceased R. Tucholski, RN.

34. No action was taken at or after 2 a.m. March 9, 2016 to respond to decedent's requests, talk to him, see if he had a bed sheet in his cell or if he was wearing his suicide smock, to see if it was properly on his body so he could not remove it,  or to take any action to protect him from suicide.

35. Decedent was not wearing, and was refusing to wear, his anti-suicide smock on March 8, 2016 at 10:30 a.m., noon, 1:30 p.m., 2 p.m. (no indication either way) and on March 9, 2016 from 2 a.m. until his death before 5 a.m., and likely could not have been wearing it and banged on the cell door. .

36.  On March 8, 2016 at 2 p.m. Michelle M. Henry wrote "Pt may have clothing" although such clothing may have been used to aid him in committing suicide by hanging himself.

6

37. SCI-Graterford regulations ban bed sheets in suicide watch cells was on suicide watch, as it is known these can be used to hang oneself.

38. Defendants did not check Decedent every 15 minutes as the March 8, 2016 document ordered. There was no explanation why the 15 minute order was not complied with.

39. Defendants Tucholski, Idicula and Duckett failed to take any action to respond when Decedent was on a self-proclaimed hunger strike 6p.m. March 8, 2016, was agitated and banging on his cell door midnight March 9, 2016, stating "I need to make a phone call," was "Immature, Agitated and Manipulative…. Banging on Cell Door , Demanding Phone Call   Agitated Banging on Cell Door with Altered Coping Mechanisms" at 2 a.m. March 9, 2016. To do so complies with anti-suicide protocols.

40. Suicide precautions were not maintained by Defendants on March 8, 2016 at 4 p.m., 6 p.m. and 10.p.m. or on March 9, 2016 at midnight or 2 a.m. and the records nowhere indicate they were.

41. Decedent died about 3:30 a.m. and the 4 a.m. March 9, 2016, when the record indicates he was deceased.

42. At 5 a.m. the record indicates "inmate found during rounds to have taken his own life utilizing a bed sheet tied to the cell door and around his neck," although if action was taken between 3:30 and 4 a.m.  when Defendant R. Tucholski, RN had knowledge he was deceased or at least in peril, decedent may have been saved.

43. Defendants Washington (who heard of concerns MS was suicidal), Witman, Varian, Bloom, Knapp, Strickland and Fina, who at all times relevant to this matter had security duties at SCI-Graterford, failed to strip search Micah Stewart when he was taken from his cell and/or when he was transported by them and placed in a Medical Observation Cell (MOC) or Psychiatric Observation Cell (POC), in violation of prison regulations. This permitted him to smuggle a bed sheet---not permitted to be brought into such a cell--- and use it to hang himself.

44. Defendants Duckett, Fina, Varian and Washington failed to observe Micah Stewart in person or through the video camera into his cell every 15 minutes though this was ordered by Defendant Henry and they knew he was suicidal, as all suicide watch inmates are on 15 minute watches.

45. Defendants Henry, Joyce, Jenkins, Shatoff and Tucholski, whose duties included reading a documents that states MS was on a Q15 watch—checks every 15 minutes, failed to inform Defendants Duckett, Fina, Varian, Witman, Washington, security guard Joanna Alston and other security staff on duty (who claimed they did not know he was on 15 minute watch) that they were required to check on Micah Stewart in his observation cell every 15 minutes in person or by videocamera into his cell, and Defendant Henry failed to tell Defendant Tucholski that MS was on a 15 minute watch.

46. Defendant Henry, A Psychiatric Nurse assigned to Micha Stewart, ordered that he be put in a POC or MOC but ordered he could wear

8

clothing, which caused security staff to think he was not on a constant watch and/or to believe he was not on a 15 minutes watch, failed to complete required paperwork and sign off on her verbal order and document her finding within 2 hours.

47. The camera which monitored Micah Stewart's cell was covered on March 8, 2016 from 2:48-2:58 p.m., at 4:27 p.m. and from 4:40 p.m. to midnight and from midnight to about 3:30 a.m. March 9, 2016.

48. Defendant Varian worked the shift from 2 -10.p. m. March 8, 2016 and Defendant Duckett worked the shift from 10 p.m. March 8, 2016 to 6 a.m. March 9, 2016.

49. Defendant Shatoff worked until 10 p.m. but failed to discover that the camera was covered from 4:40 p.m. until 10 p.m. March 8, 2016 or report this to superiors or do anything about it such as visiting the cell, though his duties including looking through the camera monitor into the cell.

50. Defendants Varian and Duckett knew the camera was covered but failed to take action to remedy or report this to their superior, document it or to fill out required documentation for placement in a P.O.C., and Duckett inaccurately reported that the camera was not covered.

51. Defendants Tucholski and Idicula failed to observe Micah Stewart every 15 minutes in person by going to his cell or though the observation camera which they has access to, though this was part of their duty and was ordered by Defendant Henry and they should have read her order.

9

52. Defendants Tucholski, Idicula, Duckett, and Varian failed to maintain required constant observation of all cells and note irregularities every 30 minutes monitor the camera into Micah Stewart's cell, and take action when the view was blocked to unblock it and check in on him.

53. Defendant Witman failed to make physical rounds every 30 minutes and record rounds in a DC 483 form.

54. Defendants knew Micah Stewart was a suicide risk and should not have placed him in a MOC—where it was unclear if there was a 15 minute watch---but into a POC, and if the POCs were full, transferred an inmate who was more stable from the MOC to the POC to make room for Micah Stewart, as MOC inmates are not usually on a 15 minute watch.

COUNT 1: VIOLATION OF THE 8TH AMENDMENT'S BAN ON CRUEL AND UNUSUAL PUNISHMENT

55. The averments of paragraphs 1-54 are incorporated by reference.

56. Defendants failed to recognize a risk of suicide that a reasonable person would have recognized and to protect Decedent Micah Stewart from harm of committing suicide, by failing to check his cell every 15 minutes as the orders required (either by video monitor or in person), failing to communicate among themselves so that all nurse and security knew 15 minute checks were required to be done on him, failing to strip search him after as he departed from his previous cell and then again when he was placed in a MOC or POC, failed to view his cell every 15 minutes as was ordered, failed to take steps to uncover the camera into

his cell when it was covered and report this to authorities, and failed to be sure he was properly restrained in a suicide smock which was ordered for him to wear (which he was not wearing at the time of his death).

57. Defendants took no action when Decedent requested a phone call and banged repeatedly on his cell door from 00:00-0400 March 9, 2016.

58. Defendants had knowledge Micah Stewart was on suicide watch, that he was required to wear a suicide smock and that bed sheets and items he might use to hang himself should not be in his cell, and that they should respond when he gets agitated, demands a phone call or seems upset, and that he should be checked every 15 minutes, but despite such knowledge, failed to take these and other precautions to prevent a suicide, of which they knew there was a substantial risk, and were deliberately indifferent to the needs of Decedent and to the risk he would kill himself and as a result he committed suicide March 9, 2016, which would not have occurred if precautions as stated above were taken, for they knew of and disregarded an excessive risk to Micah Stewart's health and safety.

59. Defendants violated the right of Decedent Micah Stewart to be free of cruel and unusual punishment under the 8th Amendment.

60. The acts and omissions of Defendants violated industry standards regarding proper intervals to check on a suicide-watch inmate, proper communication between nurses and staff about 15 minute checks, requirements of strip searches of inmates when they are removed from a

cell and when they are placed in an MOC or POC, whether to place a suicide inmate in a MOC or POC, response when an inmate on suicide watch is banging on his cell door demanding attention and a phone call in a highly agitated state, procedures when a cell observation camera is covered, actions to take when a suicide watch inmate refuses to wear a suicide smock, and as a result Micah Stewart committed suicide.

WHEREFORE, Plaintiff seeks judgment against Defendants and in favor of the Estate in an amount in excess of $150,000 plus costs, interest and attorneys fees.

Date: March 8, 2018

J. Michael Considine, Jr., P.C.
By: s/J. Michael Considine, Jr.
1845 Walnut Street, Suite 1199
Philadelphia, PA. 19103
(215) 564-4000
PA Attorney ID No. 37294
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I, J. Michael Considine, Jr., hereby certify that I filed the Amended Complaint electronically and by so doing it served it upon the following counsel of record Megan K. Kampf, Pa. Office of the Attorney General 1600 Arch Street, Suite 300, Philadelphia, PA 19107 and Cassidy Neal, MATIS BAUM O'CONNOR, 912 Fort Duquesne Blvd., Pittsburgh, PA 15222

Date March 9, 2018   s/ J. Michael Considine, Jr.